TUG DEVON, INC., as owner of the TUG DEVON, Libellant-Appellant,

v.

TANKER CRAIG REINAUER, R. T. C. No. 6 Corp., Claimant-Respondent-Appellee.

No. 314, Docket 29834.

United States Court of Appeals Second Circuit.

Argued Jan. 20, 1967.

Decided Feb. 10, 1967.

John H. Hanrahan, New York City (Foley & Martin, New York City, on the brief), for libellant-appellant.

James M. Leonard, New York City (McHugh & Leonard, New York City, on the brief), for claimant-respondent-appellee.

Before MEDINA, ANDERSON and FEINBERG, Circuit Judges.

PER CURIAM:

The tug Devon was solely to blame for the collision with the tanker Craig Reinauer in Hell Gate on August 30, 1960. We affirm on Judge Metzner's Findings of Fact and Conclusions of Law below. We find no merit in the few contentions, such as the lack of a lookout on the bow of the Craig Reinauer, not specifically covered in the Findings.

Affirmed.

Edward L. STOKES, Appellant,

v.

UNITED STATES LINES COMPANY, Appellee.

No. 10589.

United States Court of Appeals Fourth Circuit.

Argued Nov. 2, 1966.

Decided Feb. 6, 1967.

Calvin W. Breit, Norfolk, Va. (C. Arthur Rutter, Jr., and Amato, Babalas, Breit, Cohen, Rutter & Friedman, Norfolk, Va., on brief), for appellant.

William B. Eley, Norfolk, Va. (Rixey & Rixey, Norfolk, Va., on brief), for appellee.

Before SOBELOFF, BOREMAN and BRYAN, Circuit Judges.

PER CURIAM.

Upon careful consideration of the record we conclude that the verdict of the jury was permissible under the evidence and should not be disturbed. We perceive no reversible error.

Affirmed.